UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARTALLIUS TRAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV1279 JCH |
| ) | |
| MEARL J. JUSTUS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to file an amended complaint in this closed case. The motion will be denied.

Although the Federal Rules have a liberal policy towards amendments, "[p]ost-dismissal motions to amend are disfavored," In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation, 623 F.3d 1200, 1208 (8th Cir. 2010), and amendments should not be granted when they would be frivolous or "futile." See Foman v. Davis, 371 U.S. 178, 182 (1962); Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir. 1991).

In plaintiff's amended complaint, he brings a cause of action under 42 U.S.C. § 1983 against Mearl Justus, the Sheriff of St. Clair County, for alleged failure to protect him from assaults by other inmates. Plaintiff alleges that on June 19, 2012, he was in the TV room at the St. Clair County Jail when another inmate spit on him. Plaintiff says

he complained to prison staff about it but was not satisfied by the response he received. Plaintiff maintains that defendant Justus is liable under § 1983 for failing to protect him, although plaintiff does not allege that Justus was present or was otherwise personally involved in the incident. Plaintiff further alleges that he has been physically beaten by other inmates and that he has been exposed to filthy conditions inside the Jail.

The complaint is silent as to whether defendant is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the amended complaint fails to state a claim upon which relief can be granted.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the amended complaint fails to state a claim upon which relief can be granted for this reason as well.

Because the amended complaint fails to state a claim upon which relief can be granted, it would be futile to allow plaintiff to file the amended complaint and reopen this case. As a result, the Court will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [ECF No. 6] is **DENIED**

Dated this 6th day of March, 2013.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE